# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MATTHEW M. MURRAY,<br><br>　　　　Defendant,<br><br>and<br><br>WESTERN NEW ENGLAND COLLEGE,<br><br>　　　　Party-in-Interest. | CIVIL ACTION NO. 3:24-cv-30046 |

## VERIFIED COMPLAINT

Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as Owner Trustee for LSF9 Master Participation Trust (the "Plaintiff"), by its counsel, Hinshaw & Culbertson, LLP, for its Verified Complaint against the above-named defendant and party-in-interest, alleges as follows:

### PRELIMINARY STATEMENT

1.　　This is an action seeking judgment declaring and confirming that the Plaintiff (as authorized agent of the noteholder) is entitled to enforce the terms of a certain promissory note secured by real property located at 28 Wellesley Street, Springfield, Massachusetts 01109 (the "Property").

### JURISDICTION & VENUE

2.　　This Court has original jurisdiction over this action involving the Plaintiff's right, title, and interest in the Property, as there is complete diversity between the Plaintiff and Defendant, Matthew M. Murray ("Murray"), pursuant to 28 U.S.C. § 1332(a) and the amount in

controversy exceeds the sum or value of $75,000.00, based on the outstanding principal balance due on the subject mortgage loan and the fair market value of the Property.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1), as, upon information and belief, Murray resides in Springfield, Massachusetts, and the Property is located in Springfield, Massachusetts.

## THE PARTIES

4. The Plaintiff is a national banking association organized and existing under the laws of the United States, with its principal place of business in Wilmington, Delaware.

5. Murray is an individual residing, upon information and belief, at the Property.

6. Party-In-Interest Western New England College is, upon information and belief, a private university located in Springfield, Massachusetts.

## FACTUAL BACKGROUND

### A. THE LOAN

7. Murray acquired the Property via a Quitclaim Deed from Debra D. Murray dated January 26, 2005, and recorded with the Hampden County Registry of Deeds (the "Registry") on January 26, 2005, in Book 14785, Page 353.

8. On or about May 27, 2005, the Borrower executed a Consumer Note and Security Agreement in favor of Fleet National Bank, a Bank of America Company, in the original principal amount of $121,400.00 (the "Note"). A true and accurate copy of the Note is attached hereto as **Exhibit A**.

9. As security for his obligation under the Note, the Borrower executed a mortgage dated May 27, 2005, in favor of Fleet National Bank, Principally Located in Rhode Island ("Fleet Bank"), in the original principal amount of $121,400.00 and recorded with the Hampden County Registry of Deeds ("Registry") on July 19, 2005 in Book 15178, Page 545 (the "Mortgage," and,

together with the Note, the "Loan"). A certified copy of the Mortgage is attached hereto as **Exhibit B**.

10. After the Note was executed, an allonge was executed by BANA, as successor by merger to Fleet Bank, endorsing the Note to BANA. A true and accurate copy of this allonge is attached hereto as **Exhibit C**.

11. On or about July 10, 2014, the LSF9 Master Participation Trust (the "Trust") was created via a Trust Agreement between LSF9 Mortgage Holdings, LLC, as depositor; Wells Fargo Bank, N.A., as certificate registrar and trust paying agent; and U.S. Bank National Trust Association, as owner-trustee. A true and accurate excerpted copy of this Trust Agreement is attached hereto as **Exhibit D**.

12. Following the creation of the Trust, the Loan was deposited into the assets of the Trust. A true and accurate copy of the excerpted and redacted Mortgage Loan Schedule identifying the Loan as an asset of the Trust is attached hereto as **Exhibit E**.

13. On or about November 18, 2014, BANA executed an Affidavit of Lost Note attesting that BANA or its predecessor (*i.e.*, Fleet Bank) acquired possession of the Note on or before June 28, 2015; and that possession of the Note cannot reasonably be obtained because the Note was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person. A true and accurate copy of the Lost Note Affidavit is attached hereto as **Exhibit F**.

14. The Lost Note Affidavit further states that, according to BANA's business records, the loss of possession of the Note is not the result of rightful transfer or a lawful seizure of the Note. *See* Ex. F.

1057290\314944285.v1

15. On or about September 8, 2015, BANA assigned the Mortgage to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust C/O Caliber Home Loans, Inc. (the "Assignment"). The Assignment was recorded with the Registry of Deeds on October 6, 2015 in Book 20902, Page 229, and a certified copy is attached hereto as **Exhibit G**.

16. The Plaintiff, as owner-trustee of the Trust, holds the beneficial interest in the Mortgage.

17. Upon information and belief, no other party has an interest in the Loan.

18. On or about September 25, 2023, BANA executed an Assignment of Authority granting U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for LSF9 Master Participation Trust authority to act on its behalf to enforce the terms of the Note and Mortgage, including through foreclosure. A true and accurate copy of the Assignment of Authority is attached hereto as **Exhibit H**.

19. Also on September 25, 2023, BANA executed an affidavit attesting to many of the facts and documents contained in this Complaint (the "BANA Affidavit"). A true and accurate copy of this affidavit is attached hereto as **Exhibit I**.

20. Specifically, the BANA Affidavit authenticates the Note, the Mortgage, the allonge transferring the Note to BANA, the Assignment, and the Assignment of Authority. *See* Ex. I.

21. The BANA Affidavit also states that the Note was lost and that this loss of possession was not the result of a rightful transfer or lawful seizure of the Note.

### B. OTHER ENCUMBRANCES ON THE PROPERTY

22. On or about March 11, 2009, Party-In-Interest Western New England College recorded an execution levied against Murray with the Registry in Book 17685, Page 233, in the amount of $2,037.29. A certified copy of this execution is attached hereto as **Exhibit J**.

23. Though more than six (6) years have passed since Western New England College recorded its execution, it remains on record affecting the Property.

## COUNT I
### FOR DECLARATORY JUDGMENT ESTABLISHING PLAINTIFF AS THE LAWFUL OWNER AND HOLDER OF THE NOTE

24. The Plaintiff hereby incorporates Paragraphs "1" through "23" above as if fully set forth herein.

25. The terms of the Note can be established by the copy of the Note attached hereto, which bears Murray's signature, as well as the LNA. *See* Ex. A & E.

26. According to the Lost Note Affidavit, BANA or its predecessor acquired possession of the Note on or before June 28, 2015. *See* Ex. F.

27. According to the Lost Note Affidavit, on or about November 18, 2014, despite diligent search, BANA was unable to determine the whereabouts of the original Note. *See* Ex. E.

28. BANA was in possession of the original Note at the time it was lost. *See* Exs. C & F.

29. According to the Lost Note Affidavit, the loss of possession of the Note was not the result of transfer to another person or entity. *See* Ex. F & I.

30. On or about September 8, 2015, BANA assigned the Mortgage to the Plaintiff. *See* Ex. G.

31. The Plaintiff cannot reasonably obtain possession of the Note because, according to BANA, the Note was destroyed or its whereabout cannot be determined. *See* Ex. F.

32. On or about September 25, 2023, BANA executed an Assignment of Authority granting U.S. Bank Trust National Association, not in its individual capacity but solely as owner

1057290\314944285.v1

trustee for LSF9 Master Participation Trust authority to act on its behalf to enforce the terms of the Note and Mortgage, including through foreclosure. *See* Ex. H.

33. Under Massachusetts law, the individuals who can enforce the terms of a promissory note are limited to the person of entity holding the mortgage and also either holding the mortgage note or acting on behalf of the note holder.

34. Pursuant to the Assignment of Authority, BANA—the entity which held the Note at the time it was lost—authorized the Plaintiff to act on its behalf to enforce the Note, including through foreclosure of the Mortgage. *See* Ex. H.

35. Based on the foregoing, the Plaintiff is entitled to a judgment declaring that the Plaintiff is authorized to act on behalf of the noteholder (BANA) to enforce the terms of the Note pursuant to M.G.L. c. 106, §§ 3-301(iii) and 3-309, in light of the Assignment of Authority granted by BANA to the Plaintiff.

**WHEREFORE**, Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as Owner Trustee for LSF9 Master Participation Trust, respectfully requests that the Court enter judgment:

A. Declaring that, despite diligent search, the original Note has been lost or mislaid and that the terms of the Note can be established as set forth in the copy attached to this Complaint as Exhibit A;

B. Declaring that the Plaintiff is entitled and authorized to enforce the Note as agent of BANA (the last holder of the Note), despite its lack of possession of the original Note as supported by the Assignment of Authority; and

C. Granting such other relief as the Court deems just and appropriate.

1057290\314944285.v1

Respectfully submitted,

U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST

By: Its Attorneys

/s/ Hale Lake

Hale Yazicioglu Lake, BBO #679480
Kevin W. Manganaro, BBO #690082
HINSHAW & CULBERTSON LLP
53 State Street, 27th Floor
Boston, MA 02109
Phone: 617-213-7000
Fax: 617-213-7001
hlake@hinshawlaw.com
kmanganaro@hinshawlaw.com

Dated: March 28, 2024

**VERIFICATION**

I, Patrick Pittman, being duly sworn and duly authorized, depose and state under the pains and penalties of perjury, that I have read the foregoing Verified Complaint, and that the allegations contained therein are true and based upon facts that are presently and personally known by me, which personal knowledge is derived from review of public records and the business records of U.S. Bank Trust National Association, not in its individual capacity but solely as Owner Trustee for LSF9 Master Participation Trust, related to the Loan (as defined in the Verified Complaint), except those facts alleged upon information and belief and as to those facts, I believe they are true, and that no material facts have been omitted therefrom. I also state that the Exhibits attached to this Verified Complaint are true and correct copies of the originals.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY ON THIS 15th DAY OF March, 2024.

**Select Portfolio Servicing, Inc., as servicer and attorney-in-fact for U.S. Bank Trust National Association, not in its individual capacity but solely as Owner Trustee for LSF9 Master Participation Trust**

By: _____