UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, not in its individual capacity but solely as OWNER TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST,<br><br>    Plaintiff,<br>v.<br><br>MATTHEW M. MURRAY,<br><br>    Defendant,<br><br>and<br><br>WESTERN NEW ENGLAND COLLEGE,<br><br>    Party-in-interest. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 3:24-cv-30046-JEK<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

<u>REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT PURSUANT TO FED. R. CIV. P. 55(b)</u>
(Dkt. No. 11)

      Plaintiff U.S. Bank Trust National Association, not in its individual capacity but solely as Owner Trustee for LSF9 Master Participation Trust ("Plaintiff"), commenced this action by a complaint filed on March 28, 2024, seeking a judgment declaring and confirming that the Plaintiff, as authorized agent of the noteholder, is entitled to enforce the terms of a certain promissory note secured by property located at 28 Wellesley Street, Springfield, Massachusetts ("the Property") (Dkt. No. 1, Verified Compl. at 1), naming as defendant Matthew M. Murray ("Defendant") and party-in-interest Western New England College ("Party-In-Interest"). Plaintiff has moved for entry of default judgment pursuant to Fed. R. Civ. P. 55(b)(2) (Dkt. No. 11). The motion has been referred to the undersigned for a report and recommendation (Dkt. No.

1

19). After a hearing and review of Plaintiff's filings and relevant statutes, the court recommends that the District Judge grant Plaintiff's Motion for Entry of Default Judgment and enter judgment in the form proposed by Plaintiff. A copy of the proposed form of judgment is attached hereto as Exhibit 1.

I. Relevant Background

The Verified Complaint alleges that, on January 26, 2005, Defendant acquired the Property by a quitclaim deed that was recorded in the Hampden County Registry of Deeds ("the Registry") on that date (Verified Compl. ¶ 7). On or about May 27, 2005, Defendant executed a Consumer Note and Security Agreement ("the Note") in favor of Fleet National Bank ("Fleet"), a Bank of America Company, in the original principal amount of $121,400 (Verified Compl. ¶ 8). The Note was secured by a mortgage ("the Mortgage") to Fleet in the amount of $121,400, which was recorded in the Registry on July 19, 2005 (the Mortgage and the Note, collectively, "the Loan") (Verified Compl. ¶ 9). After the Note was executed, Bank of America, National Association ("BANA"), as successor by merger to Fleet, executed an allonge that endorsed the Note to BANA (Verified Compl. ¶ 10).

On or about March 11, 2009, the Party-In-Interest recorded an execution levied against Defendant in the amount of $2,037.29 (Verified Compl. ¶ 22). The execution remains on record for the Property (Verified Compl. ¶ 23).

On or about July 10, 2014, the LSF9 Master Participation Trust ("the Trust") was created by a trust agreement between LSF9 Mortgage Holdings, LLC, as depositor, Wells Fargo Bank, N.A., as certificate registrar and trust paying agent, and U.S. Bank National Trust Association, as owner-trustee (Verified Compl. ¶ 11). Thereafter, the Loan was deposited in the assets of the Trust (Verified Compl. ¶ 12).

On or about November 18, 2014, BANA executed an Affidavit of Lost Note attesting that BANA, or its predecessor, Fleet, acquired possession of the Note on or before June 18, 2005 and that possession of the Note cannot reasonably be obtained because the Note was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person (Verified Compl. ¶ 13; Dkt. No. 1-6 ¶ 5).[1] The Affidavit of Lost Note also states that, according to BANA's business records, the loss of possession of the Note was not the result of its rightful transfer or lawful seizure (Verified Compl. ¶ 14).

On or about September 8, 2015, BANA assigned the Mortgage to Plaintiff ("the Assignment") (Verified Compl. ¶ 15). The Assignment was recorded in the Registry on October 6, 2015 (Verified Compl. ¶ 15).

On or about September 25, 2023, BANA executed an Assignment of Authority granting Plaintiff the authority to act on its behalf to enforce the terms of the Note and Mortgage, including through foreclosure (Verified Compl. ¶ 18). A copy of the Note, the Affidavit of Lost Note, and allonge were attached to the assignment (Dkt. No. 1-8).

Plaintiff served the Verified Complaint on the Party-In-Interest on April 22, 2024 and on Defendant on May 1, 2024 (Dkt. Nos. 5, 6). On June 11, 2024, Plaintiff moved for default against Defendant and the Party-In-Interest (Dkt. No. 7). The Clerk entered default as to both on June 13, 2024 (Dkt. No. 9). The notices of the Clerk's entry of default were mailed to Defendant and the Party-In-Interest on June 13, 2024 (Dkt. Nos. 9, 10). On July 30, 2024, Plaintiff filed a motion for default judgment as to Defendant and the Party-In-Interest, seeking declaratory relief

---

[1] Although the Verified Complaint states that BANA or its predecessor, Fleet, acquired the Note on or before June 28, 2015 (Verified Compl. ¶ 13), that date appears to be a typographical error. The Affidavit of Lost Note attached to the complaint states that BANA or Fleet acquired the Note on or before June 18, 2005 (Dkt. No. 1-6 ¶ 5).

3

in the form of a judgment reflecting that, (1) despite a diligent search, the original Note has been lost or mislaid and the terms of the Note can be established by the copy that was attached to the Verified Complaint, and (2) the Assignment of Authority entitled and authorized Plaintiff to enforce the Note as BANA's agent, notwithstanding its lack of possession of the original Note (Dkt. No. 11 at 4). Plaintiff served the motion on Defendant and the Party-In-Interest (Dkt. No. 11 at 7). Plaintiff's motion for default judgment was referred to the undersigned for Report and Recommendation (Dkt. No. 19). The court held a hearing on Plaintiff's motion for a default judgment on February 19, 2025 (Dkt. No. 26). Defendant was notified of the hearing and did not appear (Dkt. Nos. 23, 26).

## II.  Analysis and Recommendation

Fed. R. Civ. P. 55, governing default judgments, provides, in pertinent part, as follows:

> (b)  ENTERING A DEFAULT JUDGMENT
> (1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
> (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. . . . If the party against whom a default judgment is sought has appeared . . . , that party . . . must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

Fed. R. Civ. P. 55(b)(1) & (2). [2]

---

[2] The Rule states that a hearing is not necessary if the plaintiff seeks a sum certain or damages that are easily computed. *See HMG Prop. Inv'rs, Inc. v. Parque Indus. Rio Canas, Inc.*, 847 F.2d 908, 919 (1st Cir. 1988); Fed. R. Civ. P. 55(b). Because the rule does not specify whether a hearing is required when equitable or injunctive relief is sought, the court held a hearing in an abundance of caution.

4

A.  Subject Matter Jurisdiction

As a threshold requirement for entry of a default judgment, a court must find that it has jurisdiction to hear the case. *See Iron Workers Dist. Council of S. Ohio & Vicinity Benefit Tr. v. Matheny & Sons Gen. Contracting LLC*, Case No. 3:21-cv-81, 2021 WL 4132315, at *1 (S.D. Ohio Sept. 10, 2021). Plaintiff alleged the diversity of the parties and a sufficient amount in controversy as a basis for the court's subject matter jurisdiction (Verified Compl. ¶¶ 2, 4-6). *See* 28 U.S.C. § 1332(a). Because Plaintiff is a national banking association with its principal place of business in Wilmington, Delaware, it is a citizen of the state of Delaware for purposes of diversity jurisdiction (Verified Compl. ¶ 4). *See* 28 U.S.C. § 1348. On information and belief, Defendant resides at the Property in Massachusetts and the Party-In-Interest is located in Massachusetts (Verified Compl. ¶¶ 5, 6). The value of the Note is $121,400.00. Thus, the allegations in the Verified Complaint establish that the court has diversity jurisdiction over the instant case. *See, e.g., Andrews v. HSBC Bank USA, N.A.*, 264 F. Supp. 3d 346, 348-49 (D. Mass. 2017) (when the complaint's allegations go to a party's right to foreclose, the face value of the loan is an appropriate measure for the amount in controversy).

B.  Liability

As to liability, "[a] party who defaults is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability as to which damages will be calculated." *Franco v. Selective Ins. Co.*, 184 F.3d 4, 9 n.3 (1st Cir. 1999) (citing *Quirindongo Pacheco v. Rolon Morales*, 953 F.2d 15, 16 (1st Cir. 1992)). "The defaulted party does not, however 'admit the legal sufficiency of those claims.'" *P.C. Hoag & Co., Inc. v. Man Lift Mfg. Co.*, Civil No. 15-cv-498-JL, 2018 WL 4298343, at *1 (D.N.H. Jan. 10. 2018) (quoting 10 James W. Moore, MOORE'S FEDERAL PRACTICE § 55.32[1][b] (3d ed. 2013)); *see also Actus Fund, LLC*

*v. MJ Biotech, Inc.*, 544 F. Supp. 3d 190, 193-94 (D. Mass. 2021) (stating that before entering a default judgment, a court should examine the complaint to determine whether the plaintiff has stated an actionable claim that is plausible on its face).

Plaintiff seeks a judgment declaring that: (1) despite a diligent search, the original Note has been lost or mislaid and that the terms of the Note can be established by the copy attached to the Verified Complaint; and (2) the Assignment of Authority authorizes Plaintiff to enforce the Note as the agent of BANA, the last holder of the Note, notwithstanding Plaintiff's lack of possession of the original Note.

BANA has granted Plaintiff the authority to act on its behalf to enforce the terms of the Mortgage and Note, including through foreclosure (Verified Compl. ¶ 18; Dkt. No. 1-8 at 2-4). To foreclose under a power of sale in Massachusetts, a person or entity must "hold[] the mortgage and also either hold[] the mortgage note or be acting on behalf of the note holder." *Eaton v. Fed. Nat'l Mortg. Ass'n,* 969 N.E.2d 1118, 1121 (Mass. 2012).  BANA has assigned the Mortgage to Plaintiff, but either Fleet or its successor in merger, BANA, lost the original promissory Note (Verified Compl. ¶¶ 13, 14, 15).  Because the original Note has been lost, Plaintiff relies on the Affidavit of Lost Note to establish that either Fleet or BANA possessed the Note when it was lost and, therefore, Plaintiff can act as BANA's agent to enforce the terms of the Mortgage and Note.

Massachusetts views promissory notes as negotiable instruments that are governed by Article 3 of the Uniform Commercial Code as adopted by Mass. Gen. Laws ch. 106, § 3-101, *et seq.  See In re Harborhouse of Gloucester, LLC,* 505 B.R. 365, 369 & n.9 (Bankr. D. Mass. 2014), *aff'd,* 523 B.R. 749 (B.A.P. 1st Cir. 2014) (citing Mass. Gen. Laws ch. 106, §§ 3-102, 3-

104); *Zullo v. HMC Assets, LLC,* 16 MISC 000413 (RBF), 2017 WL 2720319, at *5 (Mass. Land Ct. June 22, 2017). Chapter 106 permits a person to enforce a note if it is

> (i) the holder of the [note], (ii) a nonholder in possession of the [note] who has the rights of a holder, or (iii) a person not in possession of the [note] who is entitled to enforce the instrument pursuant to section 3–309 or subsection (d) . . . .

Mass. Gen. Laws ch. 106, § 3–301. Plaintiff relies on § 3-301(iii) as the basis for BANA's entitlement to enforce the lost Note (Dkt. No. 25 at 2).

According to § 3-301(iii), the enforceability of a lost note is governed by § 3-309. *See Deutsche Bank Nat'l Tr. for IXIS 2006-HE3 v. Moynihan,* 270 F. Supp. 3d 497, 507 (D. Mass. 2017), *aff'd,* No. 17-2039, 2018 WL 4922786 (1st Cir. Aug. 16, 2018); Mass. Gen. Laws ch. 106, § 3-301(iii). Section 3–309(a) permits enforcement of a lost, destroyed, or stolen note through an affidavit or other evidence if the following criteria are met:

> (i) the person was in possession of the [note] and entitled to enforce it when loss of possession occurred, (ii) the loss of possession was not the result of a transfer by the person or a lawful seizure, and (iii) the person cannot reasonably obtain possession of the [note] because the [note] was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

Mass. Gen. Laws ch. 106 § 3–309(a).

Accepting the facts in the Verified Complaint as true, Plaintiff has satisfied § 3-309(a)'s conditions for finding that BANA was entitled to enforce the Note when it authorized Plaintiff to act on its behalf. Section 3–309(a)(i) requires "[a] party seeking to enforce a note [to] show that, prior to the loss or destruction of the note, [it] 1) was entitled to enforce the instrument and 2) had possession of the instrument." *Marks v. Braunstein,* 439 B.R. 248, 251 (D. Mass. 2010) (citing *Dennis Joslin Co., LLC v. Robinson Broad. Corp.,* 977 F. Supp. 491, 495 (D.D.C.1997)). The Verified Complaint and Affidavit of Lost Note satisfy those requirements by establishing that the Note was held, then lost, either by Fleet, the Note's originator, or by BANA, Fleet's

7

successor by merger. *See In re Harborhouse of Gloucester, LLC,* 505 B.R. at 372 (actual possession at the time of loss is a requirement for enforcement of a negotiable instrument under § 3-309). Defendant executed the Note in favor of Fleet, a Bank of America Company, on May 27, 2005 (Verified Compl. ¶ 8; Dkt. No. 1-1; Dkt. No. 1-6 ¶ 3). A true and accurate copy of the Note that Defendant executed is attached to the Verified Complaint (Verified Compl. ¶ 8; Dkt. No. 1-1; Dkt. No. 1-9 ¶¶ 2, 6). BANA, as Fleet's successor in interest [by merger] . . . quite entirely stepped into its predecessor's shoes." *Sec. & Exch. Comm'n v. Gastauer*, 93 F.4th 1, 11 (1st Cir. 2024). After the Note was executed, BANA, as Fleet's successor by merger, executed an undated allonge that endorsed the Note to BANA (Verified Compl. ¶ 10; Dkt. No. 1-3 at 2; Dkt. No. 1-8 at 2). On November 18, 2014, a BANA employee, who was familiar with the creation and maintenance of BANA's business records as well as its lost note procedures, executed the Affidavit of Lost Note on behalf of BANA, as Fleet's successor in interest, and on behalf of BANA in its own right (Dkt. No. 1-6 at ¶¶ 1, 2, 4). The affiant attested that Fleet or BANA acquired possession of the original Note on or before June 18, 2005 and that the Note was lost (Dkt. No. 1-6 ¶¶ 4, 5). Whether the original Note was held and lost by Fleet, which merged into BANA and endorsed the Note to BANA, or whether the Note was lost by BANA, the Affidavit of Lost Note shows that BANA has met the conditions of section 3-309(a)(i) because it "was in possession of the [Note] and entitled to enforce it when loss of possession occurred." Mass. Gen. Laws ch. 106, § 3-309(a)(i). *See* Mass. Gen. Laws ch. 106, § 3-301(i) ("the holder of the instrument" is entitled to enforce it); *see also Bishay*, 2020 WL 6281582 at *4 (defendant was entitled to rely on the lost note affidavit as authority to enforce the terms of the lost note because the defendant was in constructive possession of the note, through its agents, until it was lost).

The Affidavit of Lost Note also satisfied the requirements of § 3-309(ii) and (iii). The affidavit states that, based on BANA's business records, the loss of possession of the Note was not due to a rightful transfer or lawful seizure and, based on information and belief, BANA cannot obtain possession of the Note because it "was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person" (Dkt. No. 1-6 ¶¶ 6, 7). *See* Mass. Gen. Laws ch. 106 § 3-309(ii), (iii).

Because the affidavit complies with the statute's requirements, BANA has authority enforce the Note, *see* Mass. Gen. Laws ch. 106 § 3–309(a), as does Plaintiff as BANA's authorized agent. *See Deutsche Bank Nat'l Tr. for IXIS 2006-HE3*, 270 F. Supp. 3d at 511 ("[S]ection 3–309 does not displace common law principles of agency. . . . '[P]rinciples of agency allow the foreclosing party to foreclose "as the agent of the note holder."'") (quoting *HMC Assets, LLC v. Conley*, CIVIL ACTION NO. 14-10321-MBB, 2016 WL 4443152 at *18 (D. Mass. Aug. 22, 2016)); *see also Wilmington Savings Fund Soc'y, FSB v. Marchi,* Civil Action No. 1:17-cv-11673 (D. Mass. Dec. 20, 2018) (ECF 37) (entering a default judgment authorizing foreclosure where "Petitioner is entitled to enforce the Note despite its lack of possession of the original Note, which has been lost or mislaid; . . . Petitioner is the holder of the Mortgage, is acting on behalf of [BANA], the Note holder, and is entitled to enforce the terms, conditions and remedies provided for in those instruments . . . .").

"The purpose of the possession requirement in Article 3 is to protect the debtor from multiple enforcement claims to the same note." *Marks*, 439 B.R. at 251 (citing *Premier Capital, LLC v. Gavin,* 319 B.R. 27, 33 (1st Cir. 2004)).

> The court may not enter judgment in favor of the person seeking enforcement
> unless it finds that the person required to pay the instrument is adequately
> protected against loss that might occur by reason of a claim by another person to

enforce the instrument. Adequate protection may be provided by any reasonable means.

Mass. Gen. Laws ch. 106, § 3–309(b).

The documents attached to the Verified Complaint show the limited travel of the Note. Where the Note originated with Fleet, was assigned to BANA as Fleet's successor by merger, and was lost either by Fleet, or BANA, it is not likely that other parties will seek to enforce the Note. *See Deutsche Bank Nat'l Tr. for IXIS 2006-HE3,* 270 F. Supp. 3d at 511. Moreover, BANA's agreement to indemnify Defendant against "any loss or damage, including principal, interest, reasonable attorneys' fees and costs, that might occur by reason of a claim by another person to enforce the [N]ote" satisfied the provisions of section 3-309(b) by adequately protecting Defendant against any possible loss by claims from other parties (Dkt. No. 1-6 at 4). *See id.* at 516.

The allegations in the Verified Complaint and the attestations in the affidavits filed in support of Plaintiff's motion for default judgment, taken together, show that, as a matter of fact and law, the relief Plaintiff seeks is warranted.

### III. Conclusion

For the foregoing reasons, I recommend that the court grant Plaintiff's motion for entry of a default judgment in the form proposed by Plaintiff, a copy of which is attached hereto as Exhibit 1.[3]

---

[3] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court within fourteen (14) days of service of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir.

Dated: February 27, 2025                                      <u>Katherine A. Robertson</u>
                                                              KATHERINE A. ROBERTSON
                                                              U.S. MAGISTRATE JUDGE

---

1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

11