UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, *Not in its Individual Capacity But Solely as Owner Trustee for LSF9 Master Participation Trust*, <br><br> Plaintiff, <br><br> v. <br><br> MATTHEW M. MURRAY, <br><br> Defendant, <br><br> and <br><br> WESTERN NEW ENGLAND COLLEGE, <br><br> Party-in-Interest. | No. 3:24-cv-30046-JEK |

## MEMORANDUM AND ORDER ADOPTING REPORT AND RECOMMENDATION

**KOBICK, J.**

Plaintiff U.S. Bank Trust National Association, solely in its capacity as owner trustee for the LSF9 Master Participation Trust, seeks a declaratory judgment that it is entitled, as the authorized agent of Bank of America, National Association, to enforce the terms of a promissory note secured by real property located at 28 Wellesley Street, Springfield, Massachusetts 01109.

Defendant Matthew M. Murray and party-in-interest Western New England College ("WNEC") were served with the summons and complaint in May and April 2024, respectively. ECF 5, 6. After both parties failed to timely respond or appear, the Court granted U.S. Bank Trust's motion for entry of default against Murray and WNEC on June 13, 2024 and mailed them notice of the default the same day. ECF 8, 9, 10. On July 30, 2024, U.S. Bank Trust filed a motion for

default judgment under Federal Rule of Civil Procedure 55(b)(2), which it served upon Murray and WNEC. ECF 11. Neither Murray nor WNEC filed an opposition to that motion. On December 23, 2024, the Court notified the parties that it would hold a hearing on U.S. Bank Trust's motion for default judgment on March 4, 2025, and it sent notice of the hearing to Murray that same day. ECF 20, 21. On January 31, 2025, the Court moved the motion hearing to February 19, 2025, and it sent Murray a notice of the rescheduling on February 3, 2025. ECF 22, 23. After holding the February 19, 2025 hearing on the motion, which neither Murray nor WNEC attended, *see* ECF 26, Magistrate Judge Robertson issued a Report and Recommendation, recommending that the Court enter a default judgment, ECF 27. A copy of the Report and Recommendation was mailed to Murray on March 4, 2025. ECF 28.

On March 18, 2025, Murray filed a response to Judge Robertson's Report and Recommendation, explaining that he did not attend the default judgment hearing because he believed that it was set for March 4, 2025. ECF 31, at 1. He claims that when he showed up for the hearing on March 4, he was told that it had already occurred and that he was in default. *Id.* He requests another hearing because he never received the notification regarding the changed date of the hearing and because "the present mortgage company . . . has reached out to [him] to resolve the mortgage issue and stop the present foreclosure." *Id.* at 2.

Because Murray is proceeding *pro se*, the Court will liberally construe his response as both a motion to set aside the default against him pursuant to Federal Rule of Civil Procedure 55(c) and an objection to Judge Robertson's Report and Recommendation. *See* Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 10A Federal Practice & Procedure § 2692 (4th ed. 2024 update) ("[A]lthough Rule 55(c) envisions a formal motion for relief, the courts have shown considerable leniency in treating other procedural steps as equivalent to a motion, particularly when defendant's

2

conduct evidences a desire to correct the default."); *United States v. Fuller*, 691 F. Supp. 3d 372, 376-77 (D.N.H. 2023) (construing a filing in response to a report and recommendation recommending entry of default judgment as a motion to set aside the default); *US Bank Nat'l Ass'n, as Tr. for Specialty Underwriting & Residential Fin. Tr. Mortg. Loan Asset-Backed Certificates Series 2006-BC2 v. Thomes*, No. 19-cv-00477-JAW, 2020 WL 3621176, at *2 (D. Me. July 2, 2020) (collecting cases liberally construing filings by defaulted defendants—particularly *pro se* litigants—as motions to set aside entries of default).

Under Federal Rule of Civil Procedure 55(c), a motion to set aside a default may be granted for "good cause." Fed. R. Civ. P. 55(c). "There is no mechanical formula for determining whether good cause exists and courts may consider a host of relevant factors." *Indigo Am., Inc. v. Big Impressions, LLC*, 597 F.3d 1, 3 (1st Cir. 2010). Three "typically considered" questions include: "(1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; and (3) whether a meritorious defense is presented." *Id.* Among other factors, courts may also look to: "'(4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of money involved; (7) the timing of the motion [to set aside the entry of default].'" *Id.* (quoting *KPS & Assocs., Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 12 (1st Cir. 2003)).

Murray has failed to carry his burden of demonstrating good cause for setting aside the default. *See id.* Only two factors cut in his favor, as it is not apparent that setting aside the default would prejudice U.S. Bank Trust, and the amount of money at issue—that is, $121,400, the value of the promissory note—is significant. *See KPS & Assocs.*, 318 F.3d at 15 (for a Rule 55(c) motion, "delay in and of itself does not constitute prejudice"). The rest of the factors, however, weigh against him. Murray offers no averment that "'plausibly suggest[s] the existence of facts which, if proven at trial, would constitute a cognizable defense.'" *Indigo Am.*, 597 F.3d at 4 (quoting *Coon*

3

*v. Grenier*, 867 F.2d 73, 77 (1st Cir. 1989)). Nor does he provide any good-faith explanation for his default, which appears to have been willful. Murray was properly served with the complaint and motions filed in the case, and despite acknowledging receipt of some Court communications at his address of service, failed to appear or file any response to U.S. Bank Trust's motions until the Report and Recommendation was issued. Murray's response instead only addresses why he did not appear at the hearing, and "does not explain why he was incapable of appearing after he was served last year," or "what changed such that he could file a response at the eleventh hour." *Fuller*, 691 F. Supp. 3d at 378. Accordingly, to the extent that his response may be interpreted as a motion to set aside the default, that motion is denied for lack of good cause.

Insofar as Murray's filing is construed as an objection to the Report and Recommendation, it is overruled. Murray's objection explains why he did not attend the hearing and states, without elaboration, that he is working to "resolve the mortgage issue and stop the present foreclosure." ECF 31, at 2. It does not, however, offer any specific objection to the Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) (a party objecting to a magistrate judge's proposed findings and recommendations must file "specific written objections"). Murray is not entitled to a new hearing because he overlooked the notice mailed to him on February 3, 2025, which rescheduled the original March 4, 2025 hearing to February 19, 2025. ECF 23. His objection identifies as his address the same address where the complaint and summons were served and where subsequent notices from the Court, including the February 3, 2025 notice of the changed hearing date, were sent. *See* ECF 6, 31. As this Court has explained, "the onus is on the [litigant] to keep apprised of his cases" and "to apprise this court of any change of address." *Diaz v. Spencer*, Nos. 12-cv-12154-DPW, 13-cv-10994-DPW, 2016 WL 5477065, at *1 (D. Mass. Sept. 27, 2016).

4

Furthermore, as Judge Robertson noted in her Report and Recommendation, the hearing on U.S. Bank Trust's motion for default judgment was held "in an abundance of caution." ECF 27, at 4 n.2. The audio recording of the motion hearing shows that at the hearing, U.S. Bank Trust did not introduce any new evidence or arguments not previously raised in its filings that were then relied upon in the Report and Recommendation. Murray has, accordingly, failed to demonstrate that his absence from the hearing was prejudicial, and his request for a new hearing is denied.

Murray does not object to the substantive conclusions in the Report and Recommendation. Having reviewed the Report and Recommendation, as well as the underlying motion and related documents, I agree with Judge Robertson's determination that entry of default judgment is warranted under Federal Rule of Civil Procedure 55(b) for the reasons she articulates. Accordingly, it is hereby ORDERED that:

1. The Magistrate Judge's Report and Recommendation, ECF 27, is ADOPTED and INCORPORATED pursuant to 28 U.S.C. § 636(b)(1).

2. For the reasons stated in the Report and Recommendation, U.S. Bank Trust's motion for default judgment, ECF 11, is GRANTED.

SO ORDERED.

/s/ Julia E. Kobick  
JULIA E. KOBICK  
UNITED STATES DISTRICT JUDGE

Dated: March 21, 2025